The majority holds that the deputy's actions herein were justified by exigent circumstances. However, in a case remarkably similar to the instant case, State v. Rowe (May 13, 1998), Summit App. No. 18720, unreported, this Court held that there were no exigent circumstances to justify a warrantless entry. In Rowe, this Court set forth the facts as follows:
 At approximately 10:30 p.m. on July 15, 1997, Officer Elton responded to a call regarding loud noise at 1685 Shoreline Drive in Akron. The occupants of Apartment B-1 had reported a loud party and drinking at Apartment A-1. As Officer Elton approached Apartment B-1, he observed three wooden chairs, beer cans, and two males. One of the males entered the apartment. Officer Elton asked the remaining male who was holding a bottle of Butterscotch Schnapps to come towards him. He took the bottle from the male. He asked for identification and discovered that the male, Michael Watson, was twenty years old.
 As Officer Elton conversed with Michael Watson, one of the defendants, Ronald Rowe, came out of the apartment and began collecting beer cans. After picking up six or seven beer cans, Ronald Rowe went to enter the apartment. When Ronald Rowe saw that Officer Elton was trying to follow, Rowe stopped. Officer Elton told Rowe that he had an underage drinker, Michael Watson, here, and that he was concerned that someone in the apartment was an underage drinker or supplying the underage drinker. Officer Elton did not tell Rowe that the beer cans were evidence for the crime that he was investigating. When Officer Elton told Rowe that he wanted to enter the apartment, Rowe sighed loudly and proceeded to enter the apartment. Officer Elton followed Rowe in the apartment. Officer Elton testified that when he opened the door, the other defendant, Blake Rowe, was standing just inside the door. Officer Elton did not ask Ronald Rowe his age before the officer entered the apartment.
Based upon these facts, this Court determined that there were no exigent circumstances to justify a warrantless entry. Id.
In accordance with our prior decision in Rowe, I would conclude that there were no exigent circumstances to justify the deputy's warrantless entry in the instant case. As such, I respectfully dissent.